Eugene F. Pigott, Jr., Esq. County Attorney, Erie
Your Assistant County Attorney, Mr. Drexelius, Jr., has requested our opinion whether the county of Erie is authorized to adopt a local law providing for the removal of certain elected officials by recall. Under the proposed local law, upon the filing of a petition by the requisite number of qualified electors demanding a recall election, a special election would be required to submit to the electors of the county or of the appropriate district the question whether an officer shall be recalled.
It has long been established in this State that a referendum may be held by a local government only in accordance with a specific delegation of authority by the Constitution or State law (Mills v Sweeney, 219 N.Y. 213
[1916]; Matter of McCabe v Voorhis, 243 N.Y. 401 [1926]; 1981 Op Atty Gen [Inf] 154).
In Mills v Sweeney, supra, an ordinance was enacted by the common council of the City of Buffalo providing that upon the petition of five percent of the registered voters of the city, an election would be held to submit any question of public policy, as defined in the petition, to the electorate. This was an advisory referendum. The source of authority for the ordinance, relied on by the city, was a provision in the city charter, established by State law, authorizing the common council to enact ordinances for the good government of the city, the protection of its property, the preservation of peace, the suppression of vice, the benefit of trade, the preservation of health, the prevention and extinguishment of fires and the exercise of its corporate powers and duties. This was referred to as the "general welfare" clause, and is not unlike the authority of local governments under current law to adopt and amend local laws in exercising the police power (Municipal Home Rule Law, § 10[1][ii][a][12]). The Court of Appeals decided that the charter provision relied upon by the city of Buffalo was not sufficient authority for the conduct of a referendum. "Ever since the referendum has found recognition in the political system of this state it has been the policy of the legislature to deal with it directly and in express terms, and not delegate the right to adopt it to inferior legislative bodies" (Millis v Sweeney, supra, p 217).
In McCabe v Voorhis, supra, the Court of Appeals considered the validity of a local law of the City of New York making it unlawful for the Board of Assessment and Apportionment to increase the fare on rapid transit or street suface railways or to authorize any change in a contract for the operation of subways or railways until the proposal had been submitted to referendum and approved by vote of the people of the city. Unlike the referendum in Mills v Sweeney, supra, this referendum was controlling. The Court of Appeals, citing Mills v Sweeney, supra, found that authority for a referendum by the city must be found in State law:
 "Otherwise it is unauthorized. Direct legislation in cities must always rest on some constitutional or statutory grant of power. Government by representation is still the rule. Direct action by the people is the exception." (McCabe v Voorhis, supra, p 413.)
Thus, it is clear in this State that a referendum may be held by a local government only if expressly authorized by State statutory authority or by the provisions of the Constitution. While counties and other local governments are authorized to adopt and amend local laws, this delegation does not include the necessary authority for the conduct of a recall election (NY Const, Art IX; Municipal Home Rule Law, § 10). (Certain local laws are subject to either mandatory referendum or referendum on petition [Municipal Home Rule Law, §§ 23 and 24].)
We conclude that a local government may not provide for the removal of elected officials by recall, unless such action has been expressly authorized by State statutory authority or by the provisions of the Constitution.